# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| EDDIE CHEST,<br><br>        Petitioner,<br><br>vs.<br><br>JIM MCKINNEY,<br><br>        Respondent. | No. C17-1002-LRR<br><br>INITIAL REVIEW ORDER |

## *I. INTRODUCTION*

This matter is before the court pursuant to the petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2254 (docket no. 2). The petitioner submitted such application on February 16, 2017. The petitioner paid the $5.00 filing fee. *See* 28 U.S.C. § 1914(a).

Rule 4 of the Rules Governing Section 2254 Cases requires the court to conduct an initial review of the application for a writ of habeas corpus and summarily dismiss it, order a response or "take such action as the judge deems appropriate." *See* Rule 4, Rules Governing Section 2254 Cases. The court may summarily dismiss an application for a writ of habeas corpus without ordering a response if it plainly appears from the face of such application and its exhibits that the petitioner is not entitled to relief. *See id.*; 28 U.S.C. § 2243; *Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). For the reasons set forth below, summary dismissal is appropriate in this case.

## *II. APPLICABLE LEGAL STANDARDS*

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") strictly limits a federal court's power to review habeas corpus petitions brought by state-court prisoners. *See White v. Kelley*, 824 F.3d 753, 756 (8th Cir. 2016) ("'In the interests of

finality and federalism, federal habeas courts are constrained . . . to exercise only a limited and deferential review of underlying state court decisions.'" (quoting *Sera v. Norris*, 400 F.3d 538, 542 (8th Cir. 2005))); *Abernathy v. Hobbs*, 748 F.3d 813, 816 (8th Cir. 2014) ("AEDPA modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas retrials and to ensure state-court convictions are given effect to the extent possible under law."); *Taylor v. Roper*, 561 F.3d 859, 862 (8th Cir. 2009) (explaining that only a limited and deferential review of underlying state court decisions is permitted when habeas corpus relief is sought); *Lomholt v. Iowa*, 327 F.3d 748, 751 (8th Cir. 2003) (noting review is limited and deferential). The AEDPA prohibits the grant of habeas corpus relief unless the state adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). When considering § 2254(d) matters, the court is guided by well-established principles: (1) "an *unreasonable* application of federal law is different from an incorrect application of federal law," *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Williams v. Taylor*, 529 U.S. 362, 410 (2000)) (emphasis in original), *see also Williams*, 529 U.S. at 411 (emphasizing that a court "may not grant relief simply because it concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly," rather the application "must also be unreasonable"), *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) ("The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold."), *Cole v. Roper*, 623 F.3d 1183, 1187 (8th Cir. 2010) (making clear that relief is available only if the state court decision is both incorrect and unreasonable); (2) "even

a strong case for relief does not mean the state court's contrary conclusion was unreasonable," *Harrington*, 562 U.S. at 102; (3) the purpose of § 2254(d) is to "'guard against extreme malfunction in the state criminal justice systems,'" *id*. at 102-03 (quoting *Jackson v. Virginia*, 443 U.S. 307, 332, n.5 (1979) (Stevens, J., concurring in judgment)); and (4) the burden is on the petitioner to "show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement," *id*. at 103. *Accord Moeller v. Weber*, 649 F.3d 839, 843-44 (8th Cir. 2011). In addition, a "court is bound by the facts as found by the state courts, absent clear and convincing evidence those findings were incorrect." *White*, 824 F.3d at 757 (citing *Buchheit v. Norris*, 459 F.3d 849, 852 (8th Cir. 2006)); *accord Forrest v. Steele*, 764 F.3d 848, 854 (8th Cir. 2014).

### III. ANALYSIS

In his application for a writ of habeas corpus under 28 U.S.C. § 2254, the petitioner asserts one ground for relief. Namely, he contends that his "conviction or sentence [is] in violation of the Constitution of the United States [because] the State repeatedly violated [the] plea agreement by not being true—in spirit—to [its promise to make a] recommendation."

#### A. Background[1]

With respect to the history of the petitioner's case, the Iowa Court of Appeals stated:

> In the first appeal, this court rejected Chest's claim the district court considered an impermissible sentencing factor when imposing sentence. *See State v. Chest*, 808 N.W.2d 449, 2011 Iowa App. LEXIS 1162, *1 (Iowa Ct. App. 2011). In the

---

[1] In the interest of efficiency, the court deems it appropriate to quote extensively from the Iowa Court of Appeals' most recent decision. *See State v. Chest*, No. 15-2155, 2016 Iowa App. LEXIS 936 (Iowa Ct. App. Aug. 31, 2016).

3

second appeal, arising from postconviction-relief proceedings, Chest contended the State breached its agreement to recommend concurrent sentences. *See Chest v. State*, 847 N.W.2d 612, 2014 Iowa App. LEXIS 452, *13 (Iowa Ct. App. 2014). We agreed, vacated the sentences, and remanded the matter for resentencing before a new judge. Following remand, the district court again imposed consecutive sentences. *See State v. Chest*, 872 N.W.2d 199, 2015 Iowa App. LEXIS 929, *2 (Iowa Ct. App. 2015). Chest appealed again, contending the same prosecutor painted with the same brush and again failed to truly recommend concurrent sentences. *See id*. We agreed, vacated the sentences, and remanded for resentencing before a new judge. *See* [*id*. at] *4. For the second time, we "direct[ed] the State to make a meaningful recommendation consistent with both the terms of the plea agreement and the established standard of a recommendation." *Id*.

*State v. Chest*, 2016 Iowa App. LEXIS 936 *2 (parallel citations omitted). Concerning the third sentencing hearing, the Iowa Court of Appeals observed:

> At the beginning of the hearing, the prosecutor explicitly recommended concurrent sentences:
>
> Q. All right. What's the State's recommendation at this time? A. Your Honor, the State's recommendation is that the defendant, after having pled guilty to the offense of attempted murder in violation of 707.11; and robbery in the first degree, 711.1, 711.2, be sentenced to serve 25 years on each. We are recommending that the sentence[s] be served concurrently.
>
> The prosecutor then asked the court whether it wished to hear the history of the parties' plea negotiations. After making that inquiry, the prosecutor explained the plea negotiations as follows:
>
>> Your Honor, the State entered into this negotiation, as the Court is aware, several years ago. The State entered into this negotiation for a very specific reason. The State wanted to make sure that the defendant was convicted of the offenses of attempted murder and robbery in the first degree. That was our primary goal

4

> because it was the State's position that that was, in fact, what the defendant was guilty of.
>
> The State entered into the negotiation for the concurrent recommendation for the sentences for a very simple reason. We were willing to sacrifice the opportunity to ask for consecutive or asking the defendant to be agreeable to a consecutive because we did not want to risk these two convictions to the vagaries of a jury trial. It was simply—it was as simple as that.
>
> Our primary goal was that we get the convictions and therefore we were willing to make this negotiation. We made this negotiation in good faith when we made it. We are making this recommendation to the Court today in good faith. The State understands that when we make a negotiation with the defense it is not with the Court, but it is an agreement and a promise that that will be our recommendation at the time of sentence—at sentencing to the Court. At the time of sentencing to the Court.
>
> We believe that this is an appropriate negotiation. We recommend that the Court accept this negotiation. We are affirmatively asserting that this negotiation is the one that we believe is the most appropriate under the circumstances. The State does not have to like its negotiations, but it does have to honor them. And that is what we are doing today.
>
> We believe that the Court should accept this with our approval. We are recommending and commending the sentence to the Court, and we are stating to the Court that we believe it is worthy of the Court's acceptance based on the State's negotiation.

*Id*. at *2-4. The Iowa Court of Appeals also pointed out the defense's response:

> Chest's counsel objected to the prosecutor's statements as a breach of the plea agreement. The prosecutor's statements were not a true recommendation for concurrent sentences, counsel argued. Chest's counsel also argued for specific performance of the parties' plea agreement, contending the

5

> prosecutor's breach of the plea agreement on two prior occasions irreparably tainted the proceedings—a legal pentimento revealing itself despite overpainting. The seventy-seven-year-old defendant did not present much of an argument for himself at the sentencing hearing; even if the district court had imposed concurrent sentences, the defendant would not be eligible for parole until he is more than ninety years old.

*Id*. at 5. Lastly, when addressing the merits of the fourth appeal, the Iowa Court of Appeals stated:

> The question presented is a narrow one: whether the prosecutor's remarks breached the plea agreement. "The relevant inquiry in determining whether the prosecutor breached the plea agreement is whether the prosecutor acted contrary to the common purpose of the plea agreement and the justified expectations of the defendant and thereby effectively deprived the defendant of the benefit of the bargain." *State v. Frencher*, 873 N.W.2d 281, 284 (Iowa Ct. App. 2015). "Where the State technically complied with the agreement by explicitly recommending the agreed-upon sentence but expressed material reservations regarding the plea agreement or sentencing recommendation, it can be fairly said the State deprived the defendant of the benefit of the bargain and breached the plea agreement." *Id*.
>
> Taken as a whole, when viewed in procedural context, we do not interpret the prosecutor's remarks to express a material reservation regarding the plea agreement. The prosecutor explicitly recommended concurrent sentences at the outset of the hearing, repeatedly commended the sentences, and stated the sentences were worthy of the court's acceptance. More important, the prosecutor did not engage in the kind of conduct our cases have held to be a breach of a plea agreement: the prosecutor did not propose alternative sentences, request "an appropriate sentence" rather than the agreed-upon sentence, make a recommendation and then remind the court it is not bound by the plea agreement, or emphasize the presentence investigation author's recommendation. *See id*. at 285. The prosecutor did not suggest the sentencing court impose a

6

> sentence harsher than the sentence recommended. *See State v. Lopez*, 872 N.W.2d 159, 173 (Iowa 2015) (summarizing prior case law and concluding "the prosecutor in each case had undercut the plea agreement by suggesting harsher sentences"). While the prosecutor did engage in an extended discussion regarding her motivation to enter into the plea agreement, we do not interpret her remarks as a whole to express material reservation regarding this agreement. Instead, the undertones of [two] prior sentencing hearings tinted the resentencing hearing. The undertones needed to be acknowledged and explained—as both the prosecutor and defense counsel did—given the unique procedural posture of the case.
>
> Where the State has promised to recommend a sentence, we have required "the prosecutor to present the recommended sentence[] with his or her approval, to commend the sentence[] to the court, and to otherwise indicate to the court that the recommended sentence[] [is] supported by the State and worthy of the court's acceptance." *State v. Bearse*, 748 N.W.2d 211, 216 (Iowa 2008) (quoting *State v. Horness*, 600 N.W.2d 294, 299 (Iowa 1999)) (alterations in original). Within the context of the rather extraordinary procedural hue of this case, we conclude the prosecutor complied with the spirit of the parties' agreement. We affirm the defendant's sentences.

*Id*. at *5-7.

### *B. Adjudication by Iowa Courts*

The Iowa Court of Appeals rejected the petitioner's claim on the merits, and, therefore, the AEDPA's limited review applies. *See Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (explaining that the standard for evaluating state-court rulings demands that state-court decisions be given the benefit of the doubt); *Brown v. Luebbers*, 371 F.3d 458, 460 (8th Cir. 2004) (en banc) (noting that the language of § 2254(d) plainly limits the applicability of AEDPA's deferential standard to claims that have been "adjudicated on the merits" in state court). The Iowa Court of Appeals correctly applied clearly established federal law: *Santobello v. New York*, 404 U.S. 257 (1971).

In *Santobello*, the Supreme Court held that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Id*. at 262. On two separate occasions, the Iowa Court of Appeals considered the parties' plea agreement and determined that the prosecutor breached it. *See Ricketts v. Adamson*, 483 U.S. 1, 5 n.3 (1987) (stating that "the construction of [a] plea agreement and the concomitant obligations flowing therefrom are, within broad bounds of reasonableness, matters of state law"). Given those determinations, the Iowa Court of Appeals vacated the petitioner's sentences and remanded the matter for resentencing before a new judge. This is consistent with *Santobello*, which held that, based on what "the circumstances of [the] case require," the state court may chose between two potential remedies for a breach of a plea agreement: remand for specific performance of the agreement or rescission of the entire agreement and withdrawal of the guilty plea. *Santobello*, 404 U.S. at 263; *see also Dunn v. Colleran*, 247 F.3d 450, 462-64 (3d Cir. 2001) (stating that it is appropriate to allow the state court to decide what remedy is appropriate when a state prosecutor has breached a plea agreement); *United States v. Van Thournout*, 100 F.3d 590, 594 (8th Cir. 1996) (explaining that a due process violation occurs if the government is permitted to breach a promise that induced a guilty plea and observing that a remand for specific performance, rather than withdrawal of the guilty plea, is the preferred remedy when the government breaches a plea agreement).

As far as the Iowa Court of Appeals' findings regarding the third sentencing hearing before a different judge, the court concludes that the Iowa Court of Appeals' holding that the prosecutor's comments did not breach the plea agreement neither constituted an unreasonable determination of the facts in light of what occurred during the third sentencing hearing, *see* 28 U.S.C. § 2254(d)(2), nor resulted in a decision that was contrary to, or involved an unreasonable application of, *Santobello*, *see* 28 U.S.C. § 2254(d)(1). Before concluding that the prosecutor complied with the spirit of the parties'

plea agreement and did not express a material reservation regarding the plea agreement, the Iowa Court of Appeals took into account all of the circumstances, which included the extraordinary procedural hue of the case, the prosecutor's explicit recommendation to impose concurrent sentences during the sentencing hearing, the lack of conduct by the prosecutor that does constitute a breach of a promise and the need for the parties to acknowledge and explain what occurred in prior sentencing hearings. Given the factual record, it is not difficult to conclude that there is a reasonable argument that no due process violation occurred because the prosecutor fulfilled her promise when she recommended that concurrent sentences be imposed and, thereafter, the Iowa District Court for Dubuque County exercised its discretion and imposed consecutive sentences. *See Cuero v. Cate*, 850 F.3d 1019, 1024-25 (9th Cir. 2017) (explaining that a defendant's due process rights are not violated if specific performance satisfies a defendant's reasonable expectations under a plea agreement). Because it is clear that "fair-minded jurists could disagree" on the correctness of the Iowa Court of Appeals' determination that the petitioner's claim lacks merit, federal habeas corpus relief is precluded. *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004).

## IV. CONCLUSION

Based on the foregoing, the petitioner's application for a writ of habeas corpus shall be denied. Judgment shall be entered in favor of the respondent. As for a certificate of appealability, the petitioner has not made the requisite showing. *See* 28 U.S.C. § 2253(c)(2). Accordingly, a certificate of appealability shall be denied.

**IT IS THEREFORE ORDERED**:

(1) The petitioner's application for a writ of habeas corpus (docket no. 2) is denied.

(2) The clerk's office is directed to enter judgment in favor of the respondent.

(3) A certificate of appealability is denied.

**DATED** this 27 day of April, 2017.

_____
LINDA R. READE, JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA